UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAUL LYNN AND BRIAN COX,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | Case No. |
| v.   ) | |
| ) | **JURY TRIAL DEMANDED** |
| OLIVE & OAK, LLC,   ) | |
| ) | |
| Defendant.   ) | |

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MISSOURI:**

COMES NOW defendant Olive & Oak, LLC (hereinafter referred to as **"O & O"**), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1331, § 1441 and § 1446 files its Notice of Removal of this action from the Twenty-First Judicial Circuit Court, St. Louis County, State of Missouri, to the United States District Court, Eastern District of Missouri. In support thereof, O & O respectfully states to this Court as follows:

1. O & O is the named defendant in the civil action filed by plaintiffs Paul Lynn and Brian Cox, in the Twenty-First Judicial Circuit Court, St. Louis County, State of Missouri, entitled Paul Lynn and Brian Cox v. Olive & Oak, LLC, Case No. 21SL-CC02604 (the "Lawsuit"). A copy of all pleadings filed in said state court action are attached hereto as Exhibit A.

2. Plaintiffs filed their initial Petition on or about June 9, 2021, in the Circuit Court of St. Louis County, Missouri. [Exhibit A]. The Circuit Court of St. Louis County lies within the United States District Court for the Eastern District of Missouri.

3. As noted in the state court file, the affidavit of service states the named defendant O & O was served on June 10, 2021. [Exhibit A]

4.	This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after the receipt by the named defendant of plaintiffs' Petition.

5.	In the lawsuit, plaintiffs allege this case is an action for an intentional violations of the Fair Labor Standards Act, 29 U.S. C. Section 201 et seq.  Count I, explicitly titled "FLSA" alleges multiple violations of the Fair Labor Standards Act with regard to tip credit involving O & O's operation as a high-quality restaurant in Webster Groves.  Plaintiffs further allege in paragraphs 49 and 52 of the Petition violations of 29 U.S.C. § 203(m).  (See Count I and paragraph 6, 24 and 25 of the Petition included in Exhibit A).

**FEDERAL QUESTION**

**I. The Petition and Count I allege a violation of the Fair Labor Standards Act-a federal law**

6.	Federal question jurisdiction under 28 U.S.C. § 1331 confers original jurisdiction of all civil actions "arising under" the law of the United States and removal is proper if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.0 § 1441(b).

7.	In the opening allegations of the Petition and in Count I, plaintiffs claim an intentional violation of the FLSA, a federal law.

8.	A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606, 611 (8th Cir. 2006); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

9.	Federal jurisdiction exists, therefore, because a federal question is presented on the face of Plaintiffs' well-pleaded complaint.

**II.    This Court can and should exercise its supplemental jurisdiction over other counts in the Petition, all which arise of out the same nucleus of operative fact involving a "tip pool" and "tip credit" under the FLSA.**

10.   The Court may exercise supplemental jurisdiction over plaintiffs' claims in Counts II-V of the Petition because they derive from a common nucleus of operative facts and are part of the same case or controversy as plaintiffs' FLSA claims. 28 U.S.C. § 1367(a).

11.   The presence of even one federal claim gives the defendant the right to remove the entire case to federal court. See *Chapman v. Washington Univ.*, 2013 WL 618153 at *2 (E.D. Mo. 2013) (Declining to remand state law claims where plaintiff's complaint alleged claims under the FLSA.)

12.   All of the claims in Counts II -V of the Petition all allege a claim related to the "tip pool" and "tip credit" which serves as the basis for plaintiffs' claims under the FLSA.

13.   This action is not an action described in 28 U.S.C. § 1445.

14.   This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending.

15.   Contemporaneously herewith, defendant has provided plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

16.   Pursuant to the requirements of 28 U.S.C. § 1446(d), defendant files a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, Missouri.

17.   By filing this Notice of Removal, the named defendant does not waive any defenses which may be available to it.

**WHEREFORE**, named defendant Olive & Oak, LLC provides notice of the removal of the above-styled action pending against it in the Twenty-First Judicial Circuit Court, St. Louis County, State of Missouri, to the United States District Court, Eastern District of Missouri.

Respectfully submitted,

SUMMERS COMPTON WELLS LLC

*/s/ James G. Nowogrocki*
JAMES G. NOWOGROCKI, #38559MO
8909 Ladue Road
St. Louis, Missouri 63124
314-991-4999
314-991-2413 Fax
jnowogrocki@summerscomptonwells.com

*Attorneys for Defendant Olive & Oak, LLC*

**CERTIFICATE OF ORIGINAL SIGNATURE AND SERVICE**

I hereby certify that on this 2nd day of July, 2021, a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States District Court for the Eastern District of Missouri to the parties requesting serviced by electronic filing.

*/s/ James G. Nowogrocki*